Opinion
issued July 21, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-01131-CR

———————————

Jose Antonio Moncivais, Appellant

V.

THE State of
Texas, Appellee



 



 

On Appeal from the 232nd District Court 

Harris County, Texas



Trial Court Case No. 1193142

 



 

CONCURRING OPINION

          I
agree with the majority that the evidence is factually sufficient to support
the jury’s implicit rejection of the contention of appellant, Jose Antonio
Moncivais, that he caused the death of the complainant under the immediate
influence of sudden passion.  See Tex.
Penal Code Ann. § 19.02(d) (Vernon 2011).  However, I write separately because appellant’s
legal-sufficiency challenge is not appropriate on the issue of sudden passion,
upon which appellant had the burden of proof and the State had the burden of
persuasion, and not of production, to refute. 
Cleveland v. State, 177 S.W.3d
374, 392 (Tex. App.—Houston [1st Dist.] 2005, pet. ref’d) (Jennings, J.,
concurring).      

          In
Cleveland, this Court, in an en banc opinion,
held that an appellate court is to employ the same standard of review “applied
in civil cases” in conducting a legal-sufficiency review of a fact finder’s
rejection of an accused’s defensive theory. 
177 S.W.3d at 387.  However, in a
civil case, when a party attacks the legal sufficiency of the evidence in
support of an adverse finding on an issue upon which the party had the burden
of proof, the party “must demonstrate on appeal that the evidence establishes, as
a matter of law, all vital
facts in support of the issue.”  Dow Chem. Co. v.
Francis, 46 S.W.3d 237, 241 (Tex. 2001)
(emphasis added).  In reviewing a “matter
of law” challenge, the reviewing court must first examine the record for
evidence that supports the finding, while ignoring all evidence to the contrary.  Id.  If there is no evidence that supports the
finding, the reviewing court must then examine the entire record to determine
if the contrary proposition is “established as a matter of law.”  Id.  A point of error should be sustained only if
the contrary proposition is conclusively established.  Id.  Such a “matter of law” challenge is not
applicable in criminal cases where the State has the burden of persuasion, not a burden of production, in discrediting
the defensive theories of an accused.  Saxton v. State,
804 S.W.2d 910, 912–13 (Tex. Crim. App. 1991).

          In
Saxton, the Texas Court of Criminal Appeals reversed a court of
appeals’ holding that “the State failed to produce evidence to refute [the
defendant’s] claim of self-defense and that all of the evidence is
uncontradicted and is consistent with self-defense.”  Id. at 912
(citation omitted).  The court
specifically noted that the appellate court’s “implicit holding that [the defendant]
established ‘as a matter of law’ that he acted in self-defense is incorrect.”  Id. at 912 n.4.  The court disavowed its previous use of the
“as a matter of law” language in the context of the issue of self-defense,
“[g]iven that the question of whether the accused acted in self-defense is a
fact issue for the trier of fact’s determination and that ‘beyond a reasonable
doubt’ is the required level of proof.”  Id. at 912 n.3.  In holding that the court of appeals utilized
the wrong standard of review, the court emphasized:

[T]he
State has the burden of persuasion in disproving the evidence of
self-defense. That is not a burden of production, i.e., one which requires the State to affirmatively produce
evidence refuting the self-defense claim, but rather a burden requiring the
State to prove its case beyond a reasonable doubt. . . .  [M]ore importantly, case law instructs us that
the issue of self-defense is an issue of fact to be determined by the jury.
Defensive evidence which is merely consistent with the physical evidence at the
scene of the alleged offense will not render the State’s evidence insufficient since
the credibility determination of such evidence is solely within the jury’s
province and the jury is free to accept or reject the defensive evidence. A
jury verdict of guilty is an implicit finding rejecting the defendant’s
self-defense theory.



Id. at 913–14 (citations omitted).

 

Accordingly, in reviewing the legal sufficiency of the
evidence in support of a fact finder’s rejection of a defensive issue, “we look
not to whether the State presented evidence which refuted appellant’s
[defensive evidence], but rather we determine whether after viewing all the
evidence in the light most favorable to the prosecution, any rational trier of
fact would have found the essential elements of [the offense] beyond a
reasonable doubt and also would have found against appellant on the [defensive]
issue beyond a reasonable doubt.”  Id. at 914
(citations omitted).[1] 

The issue of sudden passion, like the issue of self-defense,
is a fact issue to be determined by the fact finder, and the fact finder is
free to accept or reject defensive evidence on the issue.  Such a defensive theory, by its very nature,
cannot be conclusively established “as a matter of law” in a criminal case.  Thus, this Court’s en banc court’s holding to
the contrary, i.e., that we employ the legal sufficiency standard of review
“applied in civil cases” to review an accused’s challenge to the fact finder’s
rejection of a defensive issue in a criminal case, is in error.  Accordingly, this Court should overrule Cleveland. 

 

 

 

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel consists
of Justices Jennings, Higley, and Brown.

 

Justice
Jennings, concurring.

 

Publish.  Tex. R.
App. P. 47.2(b).

 

 











[1]
          In contrast, when a defendant
challenges the factual sufficiency of the rejection of a defense, we review all
of the evidence in a neutral light and ask whether the State’s evidence, taken
alone, is too weak to support the finding and whether the proof of guilt,
although adequate if taken alone, is against the great weight and preponderance
of the evidence.  Zuliani v. State, 97 S.W.3d 589, 595
(Tex. Crim. App. 2003).